UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO ADVISORS, LLC,<br>Petitioner,<br><br>vs.<br><br>THOMAS S. WIDENER<br>Respondent. | Civil Action No. 1:11-cv-163<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner Wells Fargo Advisors, LLC ("Wells Fargo") brings this action against Respondent Thomas S. Widener ("Widener") under 28 U.S.C. § 1332 based on the Court's diversity jurisdiction. Wells Fargo moves the Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, to summarily confirm an arbitration award issued by a panel assembled by the Financial Industry Regulatory Authority Dispute Resolution, Inc. ("FINRA") in the case of *Wachovia Securities, LLC v. Thomas S. Widener*, FINRA Case No. 09-00064 (the "Arbitration").[1]

The matter is currently before the Court on Wells Fargo's Application to Summarily Confirm Arbitration Award and for Judgment (Doc. 1), Widener's opposition (Doc. 6), and Wells Fargo's reply. (Doc. 8). For the reasons stated herein, the Court recommends that Wells Fargo's application be granted in part and denied in part.

**I. Factual Background**

From December 2005 to March 2008, Widener was a representative for Wells Fargo in Cincinnati, Ohio. (Doc. 1, p. 2). As part of their employment agreement, the parties agreed to arbitrate any controversies, claims, or disputes. *Id.* In December 2005, in the course of their contractual employment relationship, Wells Fargo loaned Widener $186,289.00 in the form of a

---
[1] Wells Fargo merged with Wachovia Corporation on or about December 31, 2008. As a result, Wells Fargo acquired Wachovia Corporation, including its subsidiary, Wachovia Securities, LLC. In May 2009, Wachovia Securities, LLC changed its name to Wells Fargo Advisors, LLC.

promissory note. *Id.* at 3 (citing Ex. C, Copy of Promissory Note). The promissory note provided that a termination of Widener's employment relationship with Wells Fargo would constitute a default, at which time the remainder of the balance owed would be immediately due and payable. *Id.* at 3-4.

In March 2008, Widener's employment relationship with Wells Fargo was terminated. *Id.* at 4. Wells Fargo made a written demand for payment on the amount due on the note and, after not receiving payment, the matter was submitted to arbitration with FINRA. *Id.* In March 2010, after a hearing was held, FINRA entered an award in favor of Wells Fargo in the amount of $196,894.42 (representing the amount owed on the note and additional costs and interest). *Id.* at 4 (citing Ex. D, FINRA Award Determination). To date, Widener has not satisfied his obligation to Wells Fargo. *Id.* at 6.

Wells Fargo requests that this Court enter an order confirming the arbitration award and for judgment against Widener for the full amount of the arbitration award and for interest at a rate of 4% per annum.[2] Wells Fargo also seeks attorneys' fees and costs incurred in connection with filing the instant petition.

## II. Standard of Law

The FAA governs commercial agreements between parties to settle disputes through arbitration. *See* 9 U.S.C. §1, *et seq.* "The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that [the federal courts] rigorously enforce agreements to arbitrate. . . ." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The FAA states, in part:

---

[2] Widener does not challenge the award amount or requested interest rate. Further, a rate of 4% per annum is a reasonable interest rate for arbitration awards. *See J.J.B. Hilliard v. Reisen*, No. 1:09-cv-535, 2010 WL 793850, at *6 (S.D. Ohio Mar. 2, 2010) (upholding interest rate of 6% per annum on arbitration award).

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and *thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.* If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9 (emphasis added).[3] The FAA provides that a court with proper jurisdiction may vacate or modify an award for various grounds upon application of a party. *See* 9 U.S.C. §§ 9, 10.

"When courts are called on to review an arbitrator's decision, the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurispurudence.'" *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 304 (6th Cir. 2008) (quoting *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005)) (internal citations and quotations omitted). "As long as the arbitrator's award draws its essence from the [parties'] bargaining agreement, and is not merely [the arbitrator's] own brand of industrial justice, the award is legitimate." *Int'l Union v. Dana Corp.*, 278 F.3d 548, 554 (6th Cir. 2002) (citing *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 36 (1987) (internal quotations omitted)).

Here, however, Widener does not seek to vacate or modify FINRA's arbitration award. Rather, his responsive brief requests that this Court dismiss the instant proceedings without prejudice on the grounds that he will otherwise be required to

---

[3] Though neither party submitted the original employment agreements evidencing their agreement to arbitrate disputes arising out of their employment, the parties do not dispute the applicability of the FAA or this Court's jurisdiction over petitioner's motion to confirm the award. Further, both parties agree that their dispute was to be arbitrated by FINRA, as Wells Fargo and Widener cite FINRA rules in their briefs in support of their respective positions.

3

declare bankruptcy. Notably, Widener does not cite to any legal authority in support of his position that his financial hardship, standing alone, is sufficient grounds for dismissal.

### III. Analysis

In support of his request to dismiss Wells Fargo's petition to confirm the arbitration award, Widener asserts that he is unable to pay the award and that he has made multiple unsuccessful efforts to settle the matter with Wells Fargo. In support, Widener attached several documents, including FINRA's June 7, 2010 decision dismissing the arbitration proceedings due to his "inability to pay the amounts outstanding pursuant to an arbitration award." (Doc. 6, p. 19). Further, Widener provides documentation of his settlement offers to Wells Fargo. *Id.* at pp. 22-26, 28. However, Widener's brief does not contest or even address Section 9's mandate that upon timely application[4] seeking an order confirming an award "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

"A federal court may set aside an arbitration award only where certain statutory or judicially created grounds are present." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir. 1995). The FAA sets forth specific grounds for setting aside an arbitration award, such as corruption, fraud, and misconduct, 9 U.S.C. § 10, and material miscalculations. 9 U.S.C. § 11. A judicially created basis for vacating an arbitration award has been created to address awards that are made "in manifest disregard of the law." *Jaros*, 70 F.3d at 421 (quoting *Wilko v. Swan*, 346 U.S. 427, 437 (1953)). Courts may only vacate awards under

---

[4] The award was entered on March 16, 2010 (Doc. 1, Ex. D) and Wells Fargo filed the instant application to confirm on March 15, 2011. Accordingly, the application has been timely filed. *See* 9 U.S.C. § 9 (". . . at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award[.]").

4

a manifest disregard theory where the arbitrator's decision "[flies] in the face of clearly established precedent." *Id.*[5]

Here, Widener has not made a statutory or judicial challenge to the award itself. In fact, none of the documents referenced by either party evince anything other than both parties' active and willing participation in the arbitration proceedings. Widener's position rests solely on his assertion that he has attempted to settle the matter and, if the award is confirmed, he "will have to file for bankruptcy." (Doc. 6, p. 4). Widener has presented no legal authority to the Court that his financial situation is a basis for dismissing the petition or vacating the award.[6] Further, there is nothing to suggest that the arbitration award was made in manifest disregard of the law. Consequently, as Wells Fargo has filed a timely petition before the court seeking to confirm the arbitration award, and Widener has failed to raise a proper challenge to the award, the Court is mandated to grant the instant petition.

However, Wells Fargo's request for attorneys' fees and costs for the instant petition should be denied. The "American Rule" provides "that a prevailing party may not ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a fee award." *Shimman v. Intl. Union of Operating Engineers*, 744 F.2d 1226, 1229 (6th Cir. 1984). There is no provision in the FAA empowering "the court to award attorney fees or costs associated with confirmation." *Own Capital, LLC v. Celebrity Suzuki of Rock Hill, LLC*, No. 11-10109, 2011 WL 3300696, at *1 (E.D. Mich. Aug. 2, 2011) (citing *Menke v. Monchecourt*, 17

---

[5] Despite the Sixth Circuit's ongoing application of the "manifest disregard" basis, *see Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418 (6th Cir. 2008), the Supreme Court has stated that the sole grounds for vacating or modifying an arbitration award are those listed in 9 U.S.C. §§ 10, 11. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). In light of this Circuit's continuing reliance on the "manifest disregard" basis for modifying or vacating an arbitration award, this decision briefly addresses it.

[6] In fact, whether or not an individual is faced with or has declared bankruptcy has no bearing on the enforceability of an arbitration award. *See In re Robinson*, 256 B.R. 482 (Bankr. S.D. Ohio 2000) (upholding enforcement of arbitration award against individual in bankruptcy); *In re Nu-Kote Holding, Inc.*, 257 B.R. 855 (Bankr. M.D. Tenn. 2001) (bankruptcy alone is not a basis to overcome enforcement of arbitration procedures).

F.3d 1007, 1008-09 (7th Cir. 1994)). Further, contrary to Wells Fargo's assertion, the promissory note (Doc. 1, Ex. C) does not provide for recovery of attorneys' fees and costs associated with having the arbitration award confirmed. Accordingly, Wells Fargo's request for fees and costs should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

(1) Petitioner Wells Fargo's Application to Summarily Confirm Arbitration Award and for Judgment (Doc. 1) be **GRANTED**.

(2) Pursuant to 9 U.S.C. § 13, judgment be entered in favor of petitioner as follows:

   a. Respondent is to pay the full arbitration award of $196,894.42 (representing $151,114.54 in compensatory damages, $22,507.79 in interest, $15,077.50 in attorneys' fees and $8,194.59 in costs) to petitioner.

   b. Respondent is to pay accruing interest in the rate of 4% per annum, or $21.48 per day from March 16, 2010 until the date of payment.

(3) Respondent Widener's motion to dismiss (Doc. 6) be **DENIED**.

(4) Petitioner Wells Fargo's request for attorneys' fees and costs associated with bringing this action be **DENIED**.

11/8/2011
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO ADVISORS, LLC,<br>　　Petitioner,<br><br>vs.<br><br>THOMAS S. WIDENER<br>　　Respondent. | Civil Action No. 1:11-cv-163<br>Dlott, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Thomas S. Widener<br>1724 Fallon Point Dr<br>Knoxville, TN 37922 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4293 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |